Dear Mr. Cornett:
You have requested an opinion of the Attorney General, in your capacity as attorney for the Town of Olla, relative to the Town's imposition of a sales tax. You specifically ask whether the Town, a Lawrason Act municipality, may impose a "sin" tax by means of a sales tax on beer and tobacco products.
With regard to the imposition of a local sales tax on alcoholic beverages, including beer, we refer you to LSA-R.S. 26:491 and 492. Section 491 provides:
 "No tax on the manufacture, distribution, transportation, or importation of alcoholic beverages shall be imposed by way of licenses, excise taxes, or otherwise by any police jury, municipality, or other local taxing authorities despite any special or general law to the contrary, except as expressly authorized by this Chapter." (Emphasis added.)
Section 492 provides, in pertinent part:
 "A. Any parish or municipality, through its local governing body, may impose a tax on beverages of low alcoholic content of not more than one dollar and fifty cents per standard barrel of thirty-one gallons . . . Parishes and municipalities imposing this tax shall furnish the secretary a certified copy of the ordinance levying it." (Emphasis added.)
As can be seen from the above statutory provisions, the only local sales tax authorized on alcoholic beverages is one on beverages of low alcoholic content. The statute does not require an election for the imposition of this tax.
With regard to the tobacco tax, we refer you to the recent Supreme Court case of Circle Food Stores, Inc. v. City of New Orleans, 620 So.2d 281 (La. 1993). Therein, the court held that a tobacco consumption tax imposed by a New Orleans city ordinance on retailers of cigarettes, cigars and other forms of tobacco, was a sale at retail, use or consumption tax exceeding three percent where the tax became due only after the sale of the product by the retailer to the consumer, the retailer in all likelihood would pass the tax on to the consumer, the tax was levied at a fixed rate per unit of product, and detailed reporting and record keeping requirements closely tracked form and substance of state general sales and use tax. Thus, its enactment without legislative authorization and approval violated Article VI, Section 29 of the Louisiana Constitution of 1974.
Accordingly, it is the opinion of this office that the Town of Olla is prohibited by statute from levying a tax on alcoholic beverages, with the exception of beverages of low alcoholic content. Additionally, the Town may not impose a sales tax on the sale and consumption of tobacco products without legislative authorization and voter approval.
Trusting this adequately responds to your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN Assistant Attorney General
RPI/ROB3/bb 0211R